## Green v. Witten, et al.

(Decided October 30, 1923.)

### Appeal from Johnson Circuit Court.

1. Boundaries—Lines as Claimed by Defendant Held Shown by Evidence.—In an action in equity involving ownership of a parcel of land, evidence held to sustain defendants' claim as to the boundary lines.

2. Boundaries—Burden of Proof as to Boundaries on Plaintiff Suing to Quiet Title, and Doubt Determined in Favor of Defendant.—In a suit in equity to determine title to lands, the burden of proof as to boundaries is upon plaintiff, and where the boundary is described by abuttals only, and the greatest of confusion exists in the testimony of the different witnesses, and the court is unable to determine which is correct, the doubt should be resolved against plaintiff.

HOWES & HOWES for appellant.

WHEELER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Plaintiff sued in equity alleging ownership and possession of a small tract of land which is described as follows:

"Bounded on the south by the lands of Wilk Witten; on the west by the lands of James LeMaster; on the north by the lands of S. G. Preston; on the east by the lands of W. W. Brown, and containing 15 acres, more or less."

He traces his title back to a patent issued to Henderson Castle in 1865. This purported to contain 90 acres, from which were to be excluded 50 acres which it is admitted were included in a prior patent issued to Frederick Stambaugh in 1852. Aside from the land in controversy plaintiff owns three other tracts, contiguous boundaries, which he holds by as many deeds, the entire body of land not exceeding 50 acres.

Defendants trace their title back to the Stambaugh patent. It originally consisted of 540 acres, but has been subdivided into quite a number of small tracts.

Without detailing the evidence, it is reasonably apparent that plaintiff has a good title to the lands conveyed him that lie within the Castle patent and outside the Stambaugh patent, the difficulty being to locate the land in controversy.

The defendants claim this to be at the head of a hollow, while appellants claim it is further down the same hollow. Its determination rests largely upon the ascertainment of the boundary lines of the old Stambaugh patent.

The disputed calls are "N. 13 E. 10 poles to two maples and a small oak in dogwood gap; N. 23 E. 68 poles to a beech and maple; N. 18 W. 80 poles to a beech on the bank of a branch." These are the 7th, 8th and 9th calls of the patent. A certified copy of the original plat is also filed and it corresponds to the patent, except the 7th call is 100 poles instead of 10 poles.

Under an order of court in this case the county surveyor surveyed this boundary. Allowing the legal degree for variation he ran the first call to within 5 poles of a hickory testified to by defendants as the second corner. Going from this the next call was 160 poles to a hickory on top of a hill; he reached the top of the hill at 150 poles, at which place the timber was gone and he found no marked corner; from thence he proceeded, running out the calls of the patent, and thereby the land in controversy was excluded from the Stambaugh patent. It might be suggested that the second call from the dogwood gap, N. 18 W. 80 poles to a beech, carried him within 10 or 20 poles of a beech tree with some marks on it, the tree being on the bank of a branch. Then, at the instance of defendants, he went back to a point claimed by them to be the dogwood gap and ran the line N. 23 E. 68 poles, N. 18 W. 80 Poles, and this brought him out to a point higher up on the same branch. The lines thus run would include the lands in controversy in the Stambaugh patent.

In making the original survey his seventh call, N. 13 E. 10 poles, did not bring him nearer than 60 poles to the so-called dogwood gap. The defendants introduced a map which was protracted by an engineer of the Big Tom Mining Company, it appearing that that company had

leases on the mineral rights of the lands in that vicinity. This survey began at the same point but extended the second call the full 160 poles set out in the patent, and the seventh call was N. 13 E. 100 poles, instead of 10 poles as shown in the patent; this ran near to the point indicated as dogwood gap, and from dogwood gap on, the same calls were followed as in the county surveyor's survey, though marked lines and corners were absent in both.

As explaining the difference in the seventh call, a copy of the original plat on file in the patent office was filed. This plat shows the distance between the two points named in this call to be 100 poles. In addition to this a number of witnesses have testified as to the location of dogwood gap. With one exception they all place it at the point claimed by defendants, which is at the lowest point on the ridge which formed a watershed between the waters of Dogwood branch and those of Lick branch, it appearing that a path, which is now a road, has existed there for many years. It is argued that this being a natural object, taken together with the plat, is sufficient to show that there was an error in the patent call; that courses and distances should give way to this natural object, which was recognized as one of the Stambaugh corners.

One witness has testified that formerly the dogwood gap was recognized as being some two or three hundred yards in length and that any point therein was referred to as being in the dogwood gap. However, from the great mass of evidence we are inclined to the opinion that the point claimed by the defendants is the true location of the gap, and that the disputed land is within the lines of the Stambaugh survey.

It will be observed that the boundary is described by abuttals only. When this test is applied the greatest of confusion exists in the testimony of the different witnesses as to its location, and we are unable to determine which is correct, as the abutting lands are not described with any degree of certainty. The burden is on the plaintiff and the doubt should be resolved against him.

Considering the existing confusion and uncertainty the opinion of the lower court is entitled to some weight and we are not inclined to disturb his judgment.

Judgment affirmed.